### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-CR-30193-JPG |
| | ) |
| TARA PRINCE, | ) |
| | ) |
| Defendant. | ) |

### MOTION OF DEFENDANT FOR DISCLOSURE OF IMPEACHING INFORMATION WITH MEMORANDUM IN SUPPORT

COMES NOW Defendant, by and through counsel, and respectfully moves the Court pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, and the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) for the entry of an Order directing the Government to make inquiry and to disclose all of the following within the possession, custody or control of the Government, or which may become known through the exercise of due diligence.

1. Any and all records and information revealing prior felony convictions of guilty verdicts or juvenile adjudications attributed to each prospective witness to be called by the Government including but not limited to, relevant F.B.I. "rap sheets," Naddis and NCIC records.

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration," Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including, but not limited to, formal or informal, direct or indirect: leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon,

clemency, civil tax, tax court, court of claims, administrative or other dispute with the Government or any party; criminal civil, or tax immunity grants; relief from forfeiture, payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services, or other benefits; placement in a "witness protection program"; informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the Defendant or act as an inducement to testify or for testimony.

4. Information concerning any prior inconsistent statement made by the witness including any information offered by the witness which ultimately proved to be untrue or even arguably untrue.

5. The existence of any statements made by any witness which were against that witness' penal or financial interest.

6. Any and all threats, expressed or implied, direct or indirect, or other coercion made or directed against the witness or person of concern to the witness; any and all criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against him; and any and all civil, tax, tax court, court of claims, administrative, or other pending or potentiary legal disputes or transactions involving a witness which either the Government is a party to or over which the Government has real, apparent or perceived influence.

7. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body, or has otherwise officially narrated, in relation to the Defendant, the investigation or facts of this case.

8. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, participant in a witness protection program, undercover agent, or expert has testified before any court, grand jury or other tribunal or body.

9. Any and all personal files for the witness; the existence and identity of all federal, state and local government files for the witness; and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating

to or connected with each witness who was or is a law enforcement officer or agent.

10. Any and all records and information revealing any defect or deficiency of capacity in the witness to observe, remember or recount events, specifically including but not limited to, all such records and information in any way related to or connected with the competency, mental capacity, disease, defect, disorder, symptoms, history, diagnosis, prescription, treatment, counseling and/or prognosis of any mentally impaired witness.

11. Any and all other records and/or information which arguably could be helpful or useful to the Defendant in impeaching or otherwise distracting from the probative force of the Government's evidence of which arguably could lead to such records or information, specifically including, but not limited to:

> (a) anything which tends to show defect or deficiency of character for untruthfulness and/or to show partiality (prejudice, bias, motive, interest, and/or corruption) on the part of the witness;
>
> (b) the various other related kind of impeaching matter identified in the memorandum of law filed in support of this motion;
>
> (c) the same records and information requested in all paragraphs above with regard to each non-witness declarant whose prior statements will be offered in evidence.

## **Memorandum in Support**

Due process requires that the Government not suppress evidence favorable to the accused or discrediting to its own case, and, upon request, that it disclose to the defense all such information. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1973); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976). This requirement encompasses information which bears upon the credibility of its witnesses as well as matters more directly material to guilt or innocence. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972). See generally: Williams v. Dutton, 400 F.2d 797 (5th Cir. 1968), cert. denied, 393 U.S. 1105 (1969). As stated by the Supreme Court in Napue v. Illinois, supra, 360 U.S. at 269:

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Moreover, in this federal prosecution the Court's supervisory power to safeguard "the correct administration of justice in the federal courts" reinforces the due process requirement of disclosure.  E.g., United States v. Consolidated Laundries Corp., 291 F.2d 563, 571 (2d Cir. 1961); United States v. Miller, 411 F.2d 825, 832 (2d Cir. 1969); United States v. Leja, 568 F.2d 493, 499 (6th Cir. 1977).

Thus, the material requested is necessary for meaningful cross-examination of witnesses in order for the jury to fully evaluate the testimony presented.

TARA PRINCE

STOBBS LAW OFFICES

BY:
 /s/ John D. Stobbs, II
John D. Stobbs II, NO. 06206358
Attorney for Defendant
307 Henry St. Suite 211
Alton, Illinois 62002
Telephone:  (618)462-8484
FAX:  (618)462-8585
Email: stobbsjohn@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 5, 2008</u> a copy of the attached *Motion of Defendant for Disclosure of Impeaching Information with Memorandum in Support* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Kevin Burke<br>
Assistant U.S. Attorney<br>
Nine Executive Drive<br>
Fairview Heights, Illinois 62208

STOBBS LAW OFFICES

/s/John D. Stobbs, II
307 Henry St. Suite 211
Alton, Illinois 62002