UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

  Plaintiff,

 v.

LAURA KRPAN, TARA MORGAN, and
LT CONSULTING,

  Defendants.

Case No. 07-cr-30193-JPG

## **MEMORANDUM AND ORDER**

  This matter comes before the Court on Defendant Tara Morgan's Motion to Dismiss the Indictment (Doc. 85). The Government has Responded to the Motion (Doc. 107). The Court held a hearing on the Motion on January 14, 2009.

  Morgan contends that the Indictment, charging her with mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1342 and 1349, fails to allege that the object of the fraud was money or property under the terms of the statute. The Indictment charges Morgan with having participated in a conspiracy "to defraud and to obtain money . . . through the use of the United States Mail, private and commercial interstate carriers and through the use of interstate wire communications." The Indictment alleges that Morgan and her co-defendants schemed to make fraudulent misrepresentations and omissions as to the nature and extent of the business of their clients in order to obtain worker's compensation insurance for lower premiums than they would otherwise have been charged.

  Morgan argues that the alleged unpaid premiums do not constitute either money or a property interest sufficient to support a fraud conviction. She also claims that since she did not attempt to collect on a workers's compensation claim, the money paid out by the insurance

companies on those claims cannot support a conviction for fraud.  Morgan argues that because the unpaid premiums do not constitute a cognizable property interest, and because the money paid out on the workers's compensation claims were not the object of the scheme, the Indictment fails to allege one of the elements of the offense charged.

Morgan's argument fails, however, because on nearly identical facts, the Seventh Circuit held that the difference between the premiums actually paid to the workers's compensation insurance companies and the premiums that they would have been paid absent the defendant's fraud is "money or property" such that it may support a conviction for mail or wire fraud under the statutes at issue here.  *U.S. v. Leahy*, 464 F.3d 773, 799 (7th Cir. 2006) (*stating* "The insurance companies were entitled to the benefit of their bargains - the amount of money they would have charged to insure the actual risk that Windy Labor presented.").  Therefore, the Indictment sufficiently alleges that Morgan schemed to make material misrepresentations with the intent to defraud the insurance companies of money or property.

Accordingly, the Court **DENIES** Morgan's Motion to Dismiss the Indictment (Doc. 85).

**IT IS SO ORDERED.**
**DATED: January 15, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**