IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-CR-30193-002-JPG-CJP |
| ) | |
| TARA MORGAN, ) | |
| a/k/a "Tara Prince," ) | |
| a/k/a "Tara Jones," ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO TURN OVER AGENT O'HANLON'S ROUGH NOTES AND TO PROVIDE BRADY/GIGLIO INFORMATION**

Comes now, the United States of America, by A. Courtney Cox, United States Attorney for the Southern District of Illinois, and through Steven D. Weinhoeft, an Assistant United States Attorney for said District, and for its response to the Defendant's Motion to Turn Over Agent O'Hanlon's Rough Notes and to Provide *Brady/Giglio* Information (Doc. 202), states as follows:

**Rough Notes Pertaining to April 11, 2006 Phone Call with Mike Hessler**

1.      On April 11, 2006 United States Postal Inspector J.V. O'Hanlon engaged in a telephone conversation with Mike Hessler, who formerly worked for the Illinois Department of Professional Regulation, Division of Insurance. This telephone conversation was not a formal interview and as a result, it was not reduced to a report of interview.

2.      During trial preparation, the Government conducted an affirmative search to identify any material that could be construed as exculpatory, within the principles set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny.

1

3.       Rough notes of the April 11, 2006 conversation with Mike Hessler were discovered that indicated that one of the Government's witnesses, Ray Linzee, may have made a false statement to Mike Hessler.  Upon discovering a fact that may be favorable to the Defendant, Inspector O'Hanlon formally documented the statement and generated a Memorandum to File for the purposes of creating a record to provide in discovery to ensure compliance with the Government's *Brady/Giglio* obligations.

4.       The Memorandum to File contains all information from the April 11, 2006 telephone conversation with Mike Hessler that could constitute *Brady/Giglio* material. Consequently, the Government's *Brady/Giglio* obligations have been fully satisfied.

5.       Absent *Brady/Giglio,* there is no legal authority mandating that these rough notes be disclosed.  "Agent notes and summaries of witness statements that are neither adopted by the witness nor substantial verbatim recitals of what the witness said are deemed unreliable under the [Jencks Act] and need not be produced." *U.S. v. Morrison* 946 F.2d 484, 494-95 (7th Cir. 1991).

6.       The Defendant's right to be notified of exculpatory evidence does not confer a right to dictate the form that the notice must take.  If rough notes are substantially the same as the report released to the defense, then disclosure of rough notes is not necessarily warranted. *U.S. v. Morrison* 946 F.2d 484, 495 (7th Cir., 1991).  In this case, the Government has tendered the evidence which is arguably *Brady/Giglio* material in memoranda form.  That disclosure fully satisfies the discovery obligations created by *Brady v. Maryland* and *Giglio v. United States*.

7.       However, in order to avoid the need for an *in camera* review of the material, the Government is tendering the notes in order to resolve the issue without further wasting judicial resources.  See, Exhibit A.

### Enumerated *"Brady / Giglio Requests"* Pertaining to the April 11, 2006 conversation with Mike Hessler

8.  The Defendant further seeks 15 enumerated paragraphs of material as "*Brady/Giglio* requests" (Doc. 202, at p.2-3, ¶ 8 (a-o)). The first 10 of those enumerated requests pertain to Postal Inspector O'Hanlon's April 11, 2006 conversation with Mike Hessler. These "requests" do not seek legitimate *Brady/Giglio* material, but rather are in the nature of interrogatories or questions one would typically pose during cross examination. These enumerated requests are improper, because the Defendant is attempting to misuse the *Brady/Giglio* doctrine to create a discovery tool. "Insofar as [a defendant] requests discovery pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Government is correct that *Brady* is not a means for Defendants to obtain discovery. *See Gray v. Netherland,* 518 U.S. 152, 168, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) ("There is no general constitutional right to discovery in a criminal case, and *Brady*," which addressed only exculpatory evidence, "did not create one.") (*quoting Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977))." *U.S. v. Mancuso*, 2008 WL 2884397, 3 (E.D.N.Y., 2008).

9.  The Government has made thorough affirmative searches for *Brady/Giglio* information, and has scrupulously honored its duty to disclose. The Government does not agree to answer the interrogatories enumerated in the Defendant's motion (Doc. 202, at p.2-3, ¶ 8 (a-j)) in the absence of a Court order compelling it to do so.

### Enumerated *"Brady / Giglio Requests"* Pertaining to Elizabeth Akers

10.  The final five enumerated "*Brady/Giglio* requests" sought in the Defendant's motion pertain to a witness named Elizabeth Akers. These requests were included in the Defendant's motion; however, the requests were not explained. The absence of a factual context

precludes the Court from being able to assess the validity of the Defendant's position. (Doc. 202, at p.3, ¶ 8 (k-o).

11.     Elizabeth Akers (a/k/a Elizabeth McCluskey, a/k/a, Elizabeth Scroggins) performed accounting services for LT Consulting, Inc. She is anticipated to be a Government witness. In May, 2007 Postal Inspector O'Hanlon was attempting to locate Ms. Akers through her current employer in Texas. When Inspector O'Hanlon contacted her employer, he was informed that Akers was no longer employed at that location and that she was suspected of having made fraudulent purchases on a company credit card and having forged the owners' name on checks from the company account. The employer faxed a copy of the suspected fraudulent charges and checks to Inspector O'Hanlon. No further investigation was conducted and no charges were brought. The matter is merely an unproven, uncharged allegation that is not relevant to the indictment in this case.

12.     During trial preparation, the Government conducted an affirmative search to identify any material that could be construed as exculpatory, within the meaning of *Brady/Giglio*. After reviewing the file, Inspector O'Hanlon formally documented his interactions with Elizabeth Akers' former employer and generated a "Memorandum to File" for the purposes of creating a record to provide in discovery to ensure compliance with the Government's *Brady/Giglio* notice obligations. See Exhibit B.

13.     No further discovery has been tendered on this matter because the law is clear that uncharged, unproven allegations of specific-act character evidence are inadmissible as a matter of law. Extrinsic evidence cannot be introduced to prove specific conduct attacking a witness's credibility, Fed. R. Evid. 608(b). See *U.S. v. Dabney* 498 F.3d 455, 459 (7th Cir., 2007) (Government not required under *Brady* to turn over unsubstantiated complaints against arresting

4

officers when there was no showing that the complaints contained admissible impeachment evidence.). Because the evidence pertaining to Elizabeth Akers' employment in Texas is obviously inadmissible, it is "immaterial" and outside of the scope of *Brady/Giglio.*

14. *Brady* requires that the Government provide a defendant with exculpatory evidence within the Government's knowledge or control "where the evidence is *material* either to guilt or to punishment," irrespective of the prosecutor's good or bad faith. *Brady v. Maryland,* 373 U.S. 83, 87. Impeachment evidence falls within the *Brady* rule as evidence favorable to the accused. *United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). "Nondisclosure of *material* exculpatory evidence, including impeachment evidence, violates a defendant's due process right to a fair trial. *See Bagley,* 473 U.S. at 675, 105 S.Ct. at 3379-80. Evidence is *material* to the defense if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* at 682, 105 S.Ct. at 3383-84 and 473 U.S. at 685, 105 S.Ct. at 3385; *United States v. Kozinski,* 16 F.3d 795, 818 (7th Cir.1994). A "reasonable probability" is that sufficient to undermine confidence in the outcome. *Id.* The materiality standard is not met by "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial...." *United States v. Agurs,* 427 U.S. 97, 109-10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976)." *U.S. v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997).

15. Only "material" evidence falls within the *Brady* rule. Clearly inadmissible, extrinsic evidence is "immaterial," for purposes of *Brady/Giglio*, and need not be disclosed.

16. The Government has made thorough affirmative searches for *Brady/Giglio* information, and has scrupulously honored its duty to disclose. The Government does not agree to answer the interrogatories enumerated in the Defendant's motion (Doc. 202, at p.3, ¶ 8 (k-o)

or tender additional records from Elizabeth Akers' Texas employer, in the absence of a Court order compelling it to do so.

## PRAYER FOR RELIEF

**WHEREFORE,** for the foregoing reasons, the Defendant's Motion to Turn Over Agent O'Hanlon's Rough Notes and to Provide *Brady/Giglio* Information should be denied.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

*s/ Steven D. Weinhoeft*

STEVEN D. WEINHOEFT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois  62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail:  Steven.Weinhoeft@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-30193-002-JPG-CJP |
| | ) | |
| TARA MORGAN, | ) | |
| a/k/a "Tara Prince," | ) | |
| a/k/a "Tara Jones," | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on **October 6, 2009,** I caused to be electronically filed the Government's Response to Defendants' Motion to Turn Over Agent O'Hanlon's Rough Notes and to Provide *Brady/Giglio* Information with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Counsel for Tara Morgan (2) and
LT Consulting, Inc (3)**
John D. Stobbs, II
Email: stobbsjohn@hotmail.com; and
Grant J. Shostak
Email: gshostak@shostaklawfirm.com,
         rmense@shostaklawfirm.com.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

*s/ Steven D. Weinhoeft*

STEVEN D. WEINHOEFT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois  62208
(618) 628-3700 telephone
(618) 628-3720 facsimile
E-mail:  Steven.Weinhoeft@usdoj.gov