IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  07-cr-30193-JPG |
| | ) | |
| TARA MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Tara Morgan's *ex parte* Motion for Disclosure (Doc. 206).  Specifically, Morgan seeks full disclosure of the Presentence Investigation Report (hereinafter "PSR") of Raymond Linzee, who maintained contact with Morgan during the course of her alleged misconduct and has since been indicted on one count of insurance fraud in a separate case.

"Generally, presentence reports are helpful in effectively cross-examining witnesses because these reports may contain impeachment information."  *United States v. Canino*, 949 F.2d 928, 942 (7th Cir. 1991).  In addition, presentence reports "may . . . contain exculpatory material culled from investigations and dealings with co-conspirators."  *Id.* (citation omitted). On the other hand, the "[c]onfidentiality of presentence reports is vitally important to the efficacy of the sentencing process."  *United States v. Anderson*, 724 F.2d 596, 598-99 (7th Cir. 1984).  In order to balance these competing interests, the Seventh Circuit authorizes *in camera* review of presentence reports to determine whether they contain relevant impeachment information.  *United States v. Mitchell*, 178 F.3d 904, 907-09 (7th Cir. 1999).  In fact, the proper procedure in obtaining the content of presentence reports is to first request their *in camera* inspection.  *Id.*

Here, Morgan is not entitled go on a fishing expedition through confidential reports looking for impeachment material. Moreover, the Court is not required to go fishing through the reports on Morgan's behalf. A defendant "is not entitled to have his request granted absent some indication that the report contains impeachment material *of the kind requested*." *Id*. at 909 (emphasis added). Morgan's request is far too vague. This Court will *not* engage in a search of several presentence reports looking for any and all impeachment information that might prove useful to Morgan. If she wants the Court to conduct an *in camera* review of Linzee's PSR for some specific purpose, then Morgan should make the appropriate motion. *See id.* at 908-09.

The motion for production of witnesses' sealed presentence reports (Doc. 206) is **DENIED.**

The Court **DIRECTS** the Clerk of the Court to lift the seal on Morgan's Motion for Disclosure (Doc. 206), as it does not reveal any confidential information about defense counsel's strategy. If Morgan makes a more specific motion for *in camera* inspection and believes that it reveals defense strategy, then defense counsel may make that motion under seal; otherwise, such a motion should be made known to the Government.

**IT IS SO ORDERED.**
**Dated: November 4, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
